IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOECEPHUS MITTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CASE NO.   11-cv-398-JPG-PMF |
| | ) | |
| **OBANDINA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order or preliminary injunction (part of Doc. No. 40).  Plaintiff is proceeding on § 1983 claims against defendants Jill Wahl, Dennis Larson, Louis Shicker, Nikki Malley, and Christine Brown, alleging that they responded with deliberate indifference to his serious medical needs.  In this motion, Mitts seeks an order directing one or more of the defendants to provide phototherapy treatment as prescribed for his type of cancer, mycosis fungoides.  Specifically, plaintiff alleges that scheduled sessions of prescribed phototherapy were not provided numerous times in 2011 and 2012 due to level 1 lockdowns.  Defendants Brown, Malley, and Shicker filed a response.  They oppose the motion on the basis that the healthcare unit can issue a call pass but security staff are responsible for bringing Mitts to the healthcare unit for phototherapy treatments.

For purposes of this motion, the Court finds as follows:

(1).  Joecephus Mitts was diagnosed with mycosis fungoides in 1995.

(2).  Mycosis fungoides is a chronic cutaneous T cell lymphoma.  There is no cure.  Diligent phototherapy can be effective, sometimes inducing complete remission of the disease.

(3).  Mitts received ultraviolet B (UVB) phototherapy treatment in 2005, prior to his prison confinement in 2006.

(4). Mitts sought treatment for his mycosis fungoides from various prison doctors since 2006.

(5). Mitts was evaluated by Dr. VanAcker, a dermatologist, in March, 2010. Dr. VanAcker prescribed Targretin gel and referred Mitts to St. Louis University or Springfield Hospital for further care.

(6). Mitts was not provided with Targretin gel and the referral for further care was delayed. As a result, a physician reported his impression that Mitts was "miserable" from his symptoms (Doc. No. 41-1, p. 1).

(7). At some point, treatment was provided, including phototherapy. According to Dr. Edward Prodanovic, Mitts responded to this form of treatment (Doc. No. 41-1, p. 14).

(8). On March 14, 2012, Dr. Louis Shicker, medical director for the Illinois Department of Corrections, notified Mitts that he "discussed with health care that every effort should be made to continue your UV treatments as scheduled even when the facility is on lockdown." (Doc. No. 41-1, p. 15).

(9). In approximately April, 2012, Dr. Yadira Hurley devised a treatment plan which included narrow band UVB three times a week. A certified physician's assistant forwarded Dr. Hurley's specific instructions:

> If you are unable to provide light therapy 3 times a week, he will need to start Soriatane 25 mg by mouth daily." (Doc. No. 41-1, p. 10).

(10). During a lockdown, inmates who take medication receive their medications at their cells in the housing unit. Mitts does not receive phototherapy because his treatment, while scheduled, is not provided on an emergency basis.

(11). The defendants rely on security staff to bring Mitts to the health care unit for treatment.

(12). Over at least the past seven months, Mitts has not received phototherapy treatment 3 times per week, nor has he received a substitute oral medication such as that described by Dr. Hurley.

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, the balance

of equities tips in his favor, and the issuance of an injunction is in the public interest. *Michigan v. U.S. Army Corps of Engrs.*, 667 F.3d 765, 769 (7th Cir. 2011). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Mitts has a likelihood of success on his § 1983 claim, as he can show delay and interference with prescribed treatment of his medical condition (mycosis fungoides) which presents a substantial risk to his health. *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004)(delay in giving prescribed antibiotic medication). While the defendants point the finger of responsibility at unnamed "security staff," it is highly unlikely that this effort to shift responsibility for medical care to non-medical prison security employees would be viewed as a rational response to plaintiff's need for treatment, particularly where alternative treatment could be provided to Mitts at his cell during a lockdown.

Mitts is likely to suffer irreparable harm in the absence of preliminary injunctive relief, as the amount of phototherapy treatment given has diminished over recent months and there is no indication that additional phototherapy or other treatment adequate to meet his medical needs will be provided in the absence of injunctive relief.

The balance of equities tips in favor of Mitts, as prescribed treatment can be provided at the prison and the defendants will not be harmed if they provide phototherapy as prescribed or substitute an appropriate oral medication that can be administered during lockdowns. Finally, providing Mitts with the treatment prescribed by Dr. Yadira Hurley will serve the public interest, as treatment during the early stages of Mitts' disease could mean that he requires less medical care in the future, particularly if the prescribed treatment induces a period of remission. An order directing defendants Malley and Shicker to provide Mitts with appropriate medical treatment for his mycosis fungoides until this litigation is concluded would be the least intrusive means to correct the treatment deficiency.

IT IS RECOMMENDED that plaintiff Joecephus Mitts' motion for a temporary restraining order and preliminary injunction (part of Doc. No. 40) be GRANTED as follows.  Defendants Nikki Malley and Louis Shicker should be directed to provide Mitts with medically appropriate treatment for his mycosis fungoides until this litigation is concluded.  If these defendants are unable to provide prescribed phototherapy three times per week, alternative treatment shall be provided.

SUBMITTED:   August 27, 2012  .

   S/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE