UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOECEPHUS MITTS,

    Plaintiff,

v.

OBANDINA, *et al.*,

    Defendant.

Case No. 11-cv-398-JPG-PMF

## MEMORANDUM, ORDER AND PRELIMINARY INJUNCTION

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 45) of Magistrate Judge Philip M. Frazier recommending that the Court grant plaintiff Joecephus Mitts' motion for a temporary restraining order or preliminary injunction (the remaining part of Doc. 40) and direct defendants Nikki Malley and Louis Shicker to provide him medically appropriate treatment for his mycosis fungoides, including prescribed phototherapy treatment three times per week or an appropriate alternative treatment, until this litigation is concluded.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has received no objection to the Report.  The Court has reviewed the entire file and finds that the Report is not clearly erroneous.  Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 45);

- **GRANTS** plaintiff Joecephus Mitts' motion for a temporary restraining order or preliminary injunction (the remaining part of Doc. 40); and

- **ENJOINS** defendants Nikki Malley and Louis Shicker to provide plaintiff Joecephus Mitts' medically appropriate treatment for his mycosis fungoides, including prescribed phototherapy treatment three times per week or an appropriate alternative treatment, until this litigation is concluded

The Court further **DIRECTS** the Clerk of Court to **STRIKE** Mitts' *pro se* filing (Doc. 50) on the basis that he is now represented by counsel. A litigant does not have a right to file his own motions when he is represented by counsel. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990) (*per curiam*). "Representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992). So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001). The Court may strike as improper any such *pro se* motions. *See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).

**IT IS SO ORDERED.**
**DATED: September 14, 2012**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**