IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:11-00398-JPG-PMF |
| OBADINA, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a Motion by defendants Larson and Wahl to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 83). Plaintiff has responded (Doc. 85).

This motion differs from garden variety motions to dismiss in that it is not predicated upon a failure to state a claim. Rather, defendants argue that Count II duplicates Count I, which alleges an Eighth Amendment violation for deliberate indifference to a serious medical need.

Count I alleges failure to treat mycosis fungoides which caused plaintiff to suffer unnecessarily. Count II alleges the same omission but adds that defendants' denial of necessary care was motivated by "non-medical factors, such as cost" (Doc. No. 78).

If medically necessary treatment were withheld for cost containment, that would likely amount to an Eighth Amendment violation. *See Ancata v. Prison Health Services, Inc*. 769 F.2d 700 (11th Cir. 1985). Such evidence, if it exists, would well-support plaintiff's allegations in Count I. It is redundant, however, to allege an alternative culpable motivation as a separate claim. That could, in fact, cause difficulty if this case were to be tried on Counts I and II because a jury would receive separate instructions on both Counts. If there is separate evidence which supports Count I, then we may have a different story. As it stands now, Count II is extra baggage and should be dismissed.

For the foregoing reasons, it is RECOMMENDED that defendants' motion to dismiss (Doc. No. 83) be GRANTED. Count II of plaintiff's First Amended Complaint should be dismissed without prejudice to an appropriate amendment of Count I.

**SUBMITTED: August 6, 2013.**

<u>s/Philip M. Frazier</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**