UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOECEPHUS MITTS,

        Plaintiff,

      v.

OBANDINA, *et al.*,

        Defendant.

Case No. 11-cv-398-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motions of plaintiff Joecephus Mitts to find the defendants in breach of the settlement agreement that led to the termination of this case (Doc. 129) and for a preliminary injunction (Doc. 131).   The defendants at issue in each motion have responded to the motions (Docs. 129, 133 & 134).

I.       **Motion for Finding of Breach (Doc. 129)**

As for the motion to find the defendants breached the settlement agreement (Doc. 129), Mitts faults the Illinois Department of Corrections for filing a suit to recover the costs of his incarceration after promising in the agreement settling this case not to do so.   The Court cannot make such a finding.   It does not have jurisdiction to consider such a motion following dismissal of a case with prejudice.   Any breach of a settlement agreement must be remedied not by approaching this Court in this case but by filing a breach of contract action.   *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("[O]nce a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal. . . .   The settlement is just another contract to be enforced in the usual way, that is, by a fresh suit.").   In any case, the defendants' response indicates that any breach has been cured by the dismissal of the suit to recover the costs of incarceration.   For these reasons, the Court **DISMISSES** Mitts' motion for a

finding of breach (Doc. 129).

## II.    Motion for Preliminary Injunction (Doc. 131)

As for the motion for a preliminary injunction (Doc. 131), Mitts complains that he has not received necessary medical treatment for his medical condition and was instead assaulted and harassed.[1]   Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."   *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc*., 149 F.3d 722, 726 (7th Cir. 1998).   However, this case has already been resolved by settlement and subsequent dismissal with prejudice in March 2014.   Thus, preliminary relief is no longer appropriate.   More importantly, the Court lacks jurisdiction to consider the case further after entry of final judgment of dismissal.   *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) ("[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated.").   For these reasons, the Court **DISMISSES** Mitts' motion for a preliminary injunction (Doc. 131).   After exhausting available administrative remedies, Mitts is free to file a new lawsuit regarding new wrongs he believes he has suffered at the hands of the defendants.

**IT IS SO ORDERED.**
**DATED:   December 22, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] The Court declines to construe Mitts' latter motion as a motion for relief from judgment in light of the fact that nothing in the motion suggests Mitts seeks such relief.